## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ERNIE L. BOWERS,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0762**  (BOR Appeal No. 2044899)
(Claim No. 2003012501)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**LIGHTNING CONTRACT SERVICES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Ernie L. Bowers, by Linda Garrett, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by Jack M. Rife, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 4, 2011, in which the Board affirmed an August 3, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's granting authorization for requested medications for one month only. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 12, 2002, Mr. Bowers was injured while lifting a motor while working as a mechanic. The claims administrator found that the injury was compensable for lumbago, brachial

1

neuritis/radiculitis, sprain/strain of lumbar region, sprain/strain of the neck, and sprain/strain of sacroiliac. No psychiatric diagnosis has been accepted as compensable to date. Dr. Richard Trenbath has treated Mr. Bowers since the accident. Dr. Trenbath reported Mr. Bowers has had several additional injuries outside of work in 2008 and 2009, including bumping his head in March of 2008, falling in the bathtub in July of 2008, and hurting his back shoveling snow in January of 2009. After each of these injuries, Dr. Trenbath requested authorization for pain and depression medications, which the claims administrator granted without any finding that the injuries were compensable aggravations of the compensable conditions.

On February 3, 2009, Dr. Prasadarao B. Mukkamala reported, after examining Mr. Bowers, that Mr. Bowers's diagnosis is lumbar sprain and that it should have been resolved within 4-6 weeks. Dr. Mukkamala found that the other conditions identified in Mr. Bowers are unrelated to the compensable injury of July 12, 2002. On November 24, 2009, Dr. Mohammed Ranavaya reported, after examining Mr. Bowers, that Mr. Bowers had a degenerative disease of the cervical spine and lumbar spine that pre-existed the compensable injury, and that he had reached maximum medical improvement for the authorized conditions.

On February 10, 2010, in response to a request by Dr. Trenbath for the medications Hydrocodone, Valium, Elavil, Neurontin, Prozac, and Wellbutrin, the claims administrator, through its Order of that date, granted the authorization but ordered Mr. Bowers to be weaned off of the medications by tapering them off from that date until March 31, 2009 (sic). On March 30, 2010, the claims administrator issued a corrected Order changing the date by which the medications were to be tapered off from March 31, 2009, to March 31, 2010.

On August 3, 2010, the Office of Judges affirmed the claims administrator, reasoning that the preponderance of the evidence supports affirming the claims administrator since Mr. Bowers had not provided sufficient medical evidence to demonstrate that the medications should be authorized in the future due to the compensable injury of July 12, 2002. Specifically, the Office of Judges relied upon the opinions of Drs. Ranavaya and Mukkamala in finding that the claimant did not show a need for pain and anti-depressant medications to address the compensable injuries, and that Dr. Trenbath's requests based on the need for the medications is insufficient. The Board of Review came to the same reasoned conclusion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**   **February 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING**:
Justice Menis E. Ketchum